**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| Martin Mishtaku,<br><br>        Plaintiff,<br> -v-<br><br>Presidential Luxury Limousines Inc., and David Yahodah,<br><br>        Defendants. | Civ. Action #:<br><br>**Complaint**<br><br>Date Filed:<br><br>**Jury Trial Demanded** |

  Plaintiff Martin Mishtaku ("Plaintiff" or "Mishtaku") by Abdul Hassan Law Group, PLLC, his attorney, complaining of Defendants Presidential Luxury Limousines Inc., and David Yahodah (collectively "Defendants"), respectfully alleges as follows:

## NATURE OF THE ACTION

1. Plaintiff alleges that he was employed by Defendants, individually and/or jointly, and pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216 (b), that he is: (i) entitled to unpaid wages from Defendants for working more than forty hours in a week and not being paid an overtime rate of at least 1.5 times the regular rate for all such hours over forty in a week; (ii) entitled to unpaid minimum wages from Defendants for working and not being paid at a rate of at least the applicable FLSA minimum wage rate for each and all hours worked in a week – including at least the last workweek of his employment with Defendants; and (iii) entitled to maximum liquidated damages and attorneys' fees pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. including 29 U.S.C § 216(b).

2. Plaintiff further complains, that he is: (i) entitled to unpaid overtime wages from Defendants for working more than forty hours in a week and not being paid an overtime rate of at least 1.5 times the regular rate and 1.5 times the applicable New York State minimum wage rate, for all such hours over forty in a week; (ii) entitled to unpaid minimum wages from Defendant for working and not being paid at a rate of at least the applicable New York State minimum wage rate, for each hour he worked for Defendant in a week– including at least the last workweek of his employment with Defendants; (iii) entitled to an extra hour of pay for

1

each day he worked a spread of hours of more than ten (10) hours pursuant to New York Minimum Wage Act and the regulations thereunder including 12 NYCRR 142-2.4; and (iv) entitled to costs and attorney's fees, pursuant to the New York Minimum Wage Act ("NYMWA"), N.Y. Lab. Law §§ 650 et seq., ("NYLL") including NYLL § 663, and the regulations there under - 12 NYCRR § 142-2.2.

3. Plaintiff is also entitled to recover his unpaid wages, including unpaid overtime wages, minimum wages, unpaid commissions/gratuities, wage deductions, under Article 6 of the New York Labor Law including sections 191, 193, 196, compensation for not receiving notices and statements required by NYLL 195, under Article 6 of the New York Labor Law and is also entitled to maximum liquidated damages, and attorneys' fees pursuant to Section 198 of the New York Labor Law.

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1337, and supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367. In addition, the Court has jurisdiction over Plaintiff's claims under the Fair Labor Standards Act pursuant to 29 U.S.C. § 216 (b).

5. Venue is proper in the Eastern District of New York pursuant to 28 U.S.C. § 1391(b) and 29 U.S.C. § 216 (b).

6. This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

## THE PARTIES

7. Plaintiff Martin Mishtaku ("Mishtaku"), is a resident of Queens County in the State of New York.

8. Upon information and belief and at all times relevant herein, Defendant Presidential Luxury Limousines Inc. ("PLL") was a New York for-profit corporation.

9. Upon information and belief and at all times relevant herein, the corporate Defendant PLL was owned/controlled/managed by Defendant David Yahadoh ("Yahadoh") who was in charge of the operations and management of PLL.

10. Upon information and belief and at all times relevant herein, Defendants individually and/or jointly controlled the employment of Plaintiff and was responsible for hiring, firing, scheduling, controlling, managing, supervising, and record-keeping as to Plaintiff's employment, among other employment functions and performed such functions as to Plaintiff.

11. Upon information and belief, Defendants shared a place of business within the State of New York at 50-19 49th Street, Woodside, NY 11377, where Plaintiff was employed.

12. At all times relevant herein, Plaintiff was employed individually and/or jointly by Defendants.

## STATEMENT OF FACTS

13. Upon information and belief, and at all times relevant herein Defendants, individually and/or jointly, are in the business of providing transportation services. See http://presidentialluxurylimo.com/

14. Upon information and belief and at all times relevant herein, Defendants, individually and/or jointly, employed approximately 25 or more employees including drivers like Plaintiff.

15. Plaintiff was employed by Defendants, individually and/or jointly, from on or about November 2, 2017, to on or about November 27, 2022.

16. Plaintiff interviewed, screened and hired Plaintiff, after he sought employment with them.

17. At all times relevant herein, Defendants set Plaintiff's wage rates, work schedule and work hours based on the requirements of Defendants' transportation/limousine business.

18. At all times relevant herein, Defendant tracked and recorded Plaintiff's work hours and paid Plaintiff for his hours worked at his regular rate..

19. At all times relevant herein, the driver work Plaintiff performed was integral to Defendants' business – Defendants were in the transportation/limousine business.

20. At all times relevant herein, Defendants dictated the work that Plaintiff performed, his days of work and his hours of work.

21. At all times relevant herein, Plaintiff was supervised by Defendants – throughout his workday, Plaintiff would report to and take directions and instructions from Defendants' dispatchers as to all aspects of his job and Plaintiff had to comply with Defendants' delivery instructions and deadlines etc.

22. At all times relevant, Plaintiff was required to and followed Defendants' dress code.

23. At all times relevant herein, Plaintiff was required to represent himself as Defendants and was required to follow Defendants' rules and procedures in performing his job – Plaintiff was given a manual to follow that covered almost every aspect of his employment with Defendants.

24. At all times relevant herein, Defendants, directed and instructed Plaintiff as to what work to do and how to do such work.

25. At all times relevant herein, Defendants provided Plaintiff with tools and equipment to perform his job, including the vehicle(s) Plaintiff drove during his employment with Defendants.

26. At all times relevant herein, Plaintiff was never in business for himself and was economically dependent for employment, work and wages on Defendants – when Plaintiff's employment with Defendants ended, Plaintiff became unemployed.

27. At all times relevant herein, Plaintiff was employed by Defendants as a driver/ chauffeur -

Plaintiff performed the manual and physical work of driving and opening and closing doors and handling baggage throughout the workday.

28. At all times relevant herein, Plaintiff was an hourly employee of Defendants and was paid at a regular hourly rate of about $15.27[1].

29. During the period of Plaintiff's employment with Defendants, Plaintiff worked about 78-105 or more hours each week for Defendants – about 13 or more hours per day, 6-7 days a week – with the exception of about 2-4 weeks each year.

30. At all times relevant herein, Defendants paid Plaintiff for some overtime hours (hours over 40 in a week), worked each week at his straight regular hourly rate and Plaintiff was not paid any wages for about 10-15 overtime hours worked each week – including time spent taking care of Defendants' vehicle, etc. For example, for the week 4/9/2018 to 4/15/2018, Plaintiff was paid by Defendants for 85.26 work hours at his straight regular hourly rate of $15.27 an hour instead of at his correct overtime rate, and Plaintiff was not paid any wages for about 10-15 overtime hours worked - including time worked taking care of Defendants' vehicle. This example including the overtime violations is reflective of the other weeks in Plaintiff's employment with Defendants.

31. At all times relevant herein, Defendants failed to pay Plaintiff at least 1.5 times his regular rate for overtime hours worked (hours over 40 in a week).

32. A more precise statement of the hours and wages may be made when Plaintiff obtains the wage, time and employment records Defendants were required to keep under the FLSA (29 USC 211 and 29 CFR 516) and NYLL (NYLL 195 and 12 NYCRR 142-2.6). Accurate copies of Plaintiff's wage and time records that Defendants were required to keep are incorporated herein by reference.

33. At all relevant times herein, Defendants had a policy of deducting from the wages of its drivers like Plaintiff, the cost of damages incurred by accident in the course of employment

---

[1] This rate drops to $14.10-$12.22 an hour when the additional unpaid overtime hours are included – a rate less than the applicable New York State minimum wage rate.

in violation of the FLSA and NYLL 193, etc., and such deductions were made from the wages of Plaintiff. For Example, in November 2022, Defendants deducted about $500 from the wages of Plaintiff to cover the costs of damage to the vehicle.

34. At all times relevant herein, neither Defendant provided Plaintiff with the notice(s) required by NYLL 195(1). See i.e. *Alonso Vazquez v. Azoulay*, 834 F. App'x 653, 654 (2d Cir. 2021).

35. At all times relevant herein, Defendants did not provide Plaintiff with the statement(s) required by NYLL 195(3)- the wage statements provided to Plaintiff did not contain all hours worked by Plaintiff nor all wages earned, among other deficiencies. See i.e. *Alonso Vazquez v. Azoulay*, 834 F. App'x 653, 654 (2d Cir. 2021).

36. At all times relevant herein and for the time Plaintiff was employed by Defendants, Defendants failed and willfully failed to pay Plaintiff an overtime rate of at least 1.5 times his regular rate and 1.5 times the New York Minimum wage rate of pay for all hours worked in excess of forty hours in a week for each week during his employment with Defendants.

37. At all times relevant herein and for at least the last workweek of Plaintiffs' employment with Defendants, Defendants failed and willfully failed to pay Plaintiff a rate of at least the applicable federal Fair Labor Standards Act ("FLSA") and the applicable New York State minimum wage rate – Plaintiff was not paid any wages for the last workweek as set forth above.

38. At all times relevant herein, Plaintiff worked a spread of hours of more than 10 hours a day as set forth above during his employment with Defendants but was not paid an additional hour of pay for each such day in violation of 12 NYCRR 142-2.4.

39. Upon information and belief and at all times relevant herein, Defendants, individually and/or jointly, had annual revenues and/or expenditures in excess of $500,000.

40. Upon information and belief, and at all times relevant herein, Defendants conducted business with vendors/entities/persons within the State of New York.

41. Upon information and belief, and at all times relevant herein, Defendants utilized the

instrumentalities of interstate commerce such as the United States mail, electronic mail, internet and telephone systems as part of their regular daily business and operations.

42. Upon information and belief, and at all times relevant herein, Defendants utilized the goods, materials, and services through interstate commerce.

43. Upon information and belief, and at all times relevant herein, Defendants as a regular part of their business, makes payment of taxes and other monies to agencies and entities outside the State of New York.

44. Upon information and belief, and at all times relevant herein, Defendants and Plaintiff utilized the instrumentalities of interstate commerce such as the United States mail, internet electronic mail, messaging, and telephone/cellphone systems/applications – Plaintiff also used cellphone as a regular and essential part of his job herein with Defendants during his workday.

45. Upon information and belief, and at all times relevant herein, Defendants as a regular part of their business, engaged in credit card transactions with involving banks and other institutions outside the state of New York.

46. Upon information and belief, and at all relevant times herein, Defendants failed to display federal and state minimum wage/overtime posters.

47. Upon information and belief, and at all relevant times herein, Defendants failed to display federal and state minimum wage/overtime posters as required by the FLSA and NYLL (29 CFR 516.4; 12 NYCRR 142-2.8), and Defendants failed to notify Plaintiff of his federal and state minimum wage and overtime rights and failed to inform Plaintiff that he could seek enforcement of such rights through the government enforcement agencies. See i.e. *Veltri v. Building Service 32B-J Pension Fund*, 393 F.3d 318, 324 (2d Cir. 2004); *Kim v. Kum Gang, Inc.,* No. 12 CIV. 6344 MHD, 2015 WL 2222438, at 33–34 (S.D.N.Y. Mar. 19, 2015).

48. The relevant and applicable times will be refined as is necessary, including after discovery if necessary.

49. The "present" or the "present time" as used in this complaint refers to the date this complaint was signed.

## AS AND FOR A FIRST CAUSE OF ACTION
### (DECLARATORY JUDGMENT)

50. Plaintiff alleges and incorporates by reference the allegations in paragraphs 1 through 49 above as if set forth fully and at length herein.

51. For certain period during the Work Period, Defendants misclassified Plaintiff as an independent contractor, even though Plaintiff was at all relevant times, an employee of Defendants as a matter of law. Plaintiff was given an employee W-2 tax form for certain periods of his employment and a 1099 tax form for other periods of his employment with Defendants even though his work and employment with Defendants did not change or materially change.

52. Plaintiff seeks a declaratory judgment that at all relevant times herein, he was an employee of Defendants, individually and/or jointly, under the Internal Revenue Code, and specifically, under the Federal Insurance Contributions Act ("FICA"). See 26 U.S.C. § 3121(b). U.S. v. MacKenzie, 777 F.2d 811, 814 (2d Cir., 1985).

53. Plaintiff also seeks a declaratory judgment that at all relevant times herein, he was an employee of Defendants, individually and/or jointly, under the federal Fair Labor Standard Act and New York Labor Law under which plaintiff sues herein. See Barfield v. N.Y.C. Health & Hosps. Corp., 537 F.3d 132, 141–42 (2d Cir.2008). Brock v. Superior Care, Inc., 840 F.2d 1054 (2d Cir.1988).

54. The declarations of employee status sought by Plaintiff herein, will allow Plaintiff to seek certain tax contributions from defendants, as well as make him eligible to seek a range of benefits that comes with employee status such as unemployment insurance benefits, as well as benefits offered by Defendants to their other employees and other benefits provided by law to employees. Plaintiff herein is seeking to recover all benefits that come with employee

status that can be recovered in this action under law.

## AS AND FOR A SECOND CAUSE OF ACTION
## FAIR LABOR STANDARDS ACT - 29 U.S.C 201 et Seq. (Unpaid Overtime + Min Wage)

55. Plaintiff alleges and incorporates by reference the allegations in paragraphs 1 through 52 above as if set forth fully and at length herein.

56. At all times relevant to this action, Plaintiff was employed by Defendants, individually and/or jointly, within the meaning of the FLSA - 29 U.S.C 201 et Seq.

57. Upon information and belief, and at all times relevant to this action, Plaintiff was engaged in commerce and/or in the production of goods for commerce and/or Defendants constituted an enterprise(s) engaged in commerce within the meaning of the FLSA including 29 U.S.C. § 207(a).

58. Upon information and belief and at all times relevant herein, Defendants transacted commerce and business in excess of $500,000.00 annually or had revenues and/or expenditures in excess of $500,000.00 annually.

59. At all times relevant herein, Defendants failed and willfully failed to pay Plaintiff overtime compensation at rates of at least 1.5 times his regular rate of pay for each and all hours worked in excess of forty hours in a work week, in violation of 29 U.S.C. § 207.

60. At all times relevant herein, Defendants failed and willfully failed to pay Plaintiff a rate at least equal to the applicable federal minimum wage rate for each hour worked in a week, in violation of 29 U.S.C. § 206.

## Relief Demanded

61. Due to Defendants' FLSA violations, Plaintiff is entitled to recover from Defendants, individually and/or jointly, his unpaid minimum wages, overtime wages, maximum liquidated damages, attorneys' fees, and costs of the action, pursuant to 29 U.S.C. § 216(b).

## AS AND FOR A THIRD CAUSE OF ACTION
## NYLL 650 et Seq. and 12 NYCRR 142-2.2 (Unpaid Overtime + Min Wage + SOH)

62. Plaintiff alleges and incorporates by reference the allegations in paragraphs 1 through 60 above as if set forth fully and at length herein.

63. At all times relevant to this action, Plaintiff was employed by Defendants, individually and/or jointly, within the meaning of the New York Labor Law, §§ 2 and 651 and the regulations thereunder including 12 NYCRR § 142.

64. At all times relevant herein, Defendants, individually and/or jointly, failed to pay and willfully failed to pay Plaintiff overtime compensation at rates not less than 1.5 times his regular rate and 1.5 times the applicable New York State minimum wage rate of pay for each and all hours worked in excess of forty hours in a work week, in violation of the New York Minimum Wage Act and its implementing regulations. N.Y. Lab. Law §§ 650 et seq.; 12 NYCRR § 142-2.2.

65. At all times relevant herein, Defendants, individually and/or jointly, failed and willfully failed to pay Plaintiff at a rate that was at least equal to the applicable New York State minimum wage rate for each hour worked in a week in violation of the New York minimum Wage Act and its implementing regulations. N.Y. Lab. Law§§ 650 et seq.; 12 NYCRR § 142-2.1.

66. At all times relevant herein, Plaintiff worked a spread of hours of more than ten (10) hours a day during his employment with Defendants as set forth above, but Defendants, individually and/or jointly, failed and willfully failed to pay Plaintiff an additional hour of pay for each such day in violation of the New York Minimum Wage Act, New York Labor law § 650 et seq., including 12 NYCRR § 142-2.4.

## Relief Demanded

67. Due to Defendants' NYLL overtime violations, Plaintiff is entitled to recover from Defendants, individually and/or jointly, his unpaid minimum wages, overtime wages, spread of hour wages, maximum liquidated damages, prejudgment interest, attorney's fees, and costs

of the action, pursuant to NYLL § 663.

## AS AND FOR A FOURTH CAUSE OF ACTION
### (NYLL § 190, 191, 193, 195, 196 and 198)

68. Plaintiff alleges, and incorporates each and every allegation contained in paragraphs 1 through 67 above with the same force and effect as if fully set forth at length herein.

69. At all times relevant to this action, Plaintiff was employed by Defendants, individually and/or jointly, within the meaning of the New York Labor law, §§ 190 et seq., including §§ 191, 193, 195, 196 and 198 and the applicable regulations thereunder.

70. At all times relevant to this action, Plaintiff was employed by Defendants, individually and/or jointly, as a manual worker, laborer or workingman, within the meaning of the New York Labor Law § 190 et seq. including §§ 191, 193, 196, 198.

71. At all relevant times herein, Defendants violated and willfully violated Plaintiff's rights under NY Labor Law § 190 et seq. including NY Labor Law §§ 191, 193, 196 and 198 by failing to pay Plaintiff his wages, including his unpaid minimum and overtime wages, (FLSA and NYMWA), spread of hour wages, unpaid gratuities as set forth above, and reimbursement for wage deductions such as for damages to the vehicle, as required under NY Labor Law § 190 et seq.

72. Plaintiff also seeks to recovery unpaid commissions/gratuities – a percentage of charges to customers that he was entitled to pursuant the terms and conditions of his employment with Defendants but has not been paid – an amount in excess of about $20,000.

73. At all times relevant herein, Defendants failed and willfully failed to provide Plaintiff, with the notice(s) required by NYLL 195(1) – Plaintiff is therefore entitled to and seeks to recover in this action the maximum recovery for this violation, plus attorneys' fees and costs pursuant to NYLL 198 including NYLL 198(1-b), as well as an injunction directing Defendants to comply with NYLL 195(1).

74. At all times relevant herein, Defendants failed and willfully failed to provide Plaintiff with

11

the statement(s) required by NYLL 195(3) – Plaintiff is therefore entitled to and seeks to recover in this action the maximum recovery for this violation, plus attorneys' fees and costs pursuant to NYLL 198 including NYLL 198(1-d), as well as an injunction directing Defendants to comply with NYLL 195(1).

## Relief Demanded

75. Due to Defendants' New York Labor Law Article 6 violations including violation of sections 191, 193, 196 and 198, Plaintiff is entitled to recover from Defendants, individually and/or jointly, his entire unpaid wages, including his unpaid non-overtime and overtime wages, spread of hour wages, unpaid commissions/gratuities as set forth above, reimbursement for unlawful wage deductions, maximum liquidated damages, prejudgment interest, maximum recovery for violations of NYLL 195(1) and NYLL 195(3), reasonable attorneys' fees, and costs of the action, pursuant to N.Y. Labor Law § 190 et seq. including § 198.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff respectfully requests that this Court grant the following relief:

76. Declare Defendants, individually and/or jointly (including their overtime and wage payment policy and practice as well as their wage deduction policy and practice), to be in violation of the rights of Plaintiff under the FLSA and New York Labor Law - 12 NYCRR § 142, and Article 6 of the NYLL, including NYLL §§ 191, 193, 196 and 198.

77. As to the **First Cause of Action**, issue a declaratory judgment that Plaintiff at all relevant times was an employee of Defendants, individually, and/or jointly, under the Internal Revenue Code, including the Federal Insurance Contributions Act, as well as under the FLSA and NYLL.

78. As to the **Second Cause of Action,** award Plaintiff his unpaid overtime wages and minimum wages due under the FLSA, together with maximum liquidated damages, costs and attorneys' fees pursuant to 29 USC § 216(b);

79. As to the **Third Cause of Action,** award Plaintiff his unpaid overtime wages, minimum

wages, spread of hour wages due under the New York Minimum Wage Act and the regulations thereunder including 12 NYCRR § 142-2.2, together with maximum liquidated damages, prejudgment interest, costs and attorney's fees pursuant to NYLL § 663;

80. As to the **Fourth Cause of Action**, award Plaintiff his entire unpaid wages, including his unpaid non-overtime and overtime wages, minimum wages, spread of hour wages, unpaid commissions/gratuities as set forth above, reimbursement for wage deductions, maximum liquidated damages, prejudgment interest, maximum recovery for violations of NYLL 195(1) and NYLL 195(3), reasonable attorney's fees, and costs of the action, pursuant to N.Y. Labor Law § 190 et seq. including § 198, and issue an injunction directing Defendants to comply with NYLL 195(1) and NYLL 195(3).

81. Award Plaintiff, any relief requested or stated in the preceding paragraphs but which has not been requested in the WHEREFORE clause or "PRAYER FOR RELIEF", in addition to the relief requested in the wherefore clause/prayer for relief;

82. Award Plaintiff further and different relief as the Court deems just and proper.

**Dated: Queens Village, New York**
          **February 26, 2023**

Respectfully submitted,

Abdul Hassan Law Group, PLLC

/s/ Abdul Hassan
By: Abdul K. Hassan, Esq. (AH6510)
215-28 Hillside Avenue
Queens Village, NY 11427
Tel: 718-740-1000
Fax: 718-740-2000
Email: abdul@abdulhassan.com
*Counsel for Plaintiff*